# H. B. Claflin Company, Appellants, v. Samuel White and O. Fred Spate, trading as White & Spate.

*Attachment under act of 1869—Sufficiency of affidavit—Practice, C. P.*

An affidavit for an attachment under the Act of 1869, P. L. 8, averred that the defendants " have assigned and are about to assign, dispose of and remove their property, money and evidences of debt with intent to defraud their creditors and the plaintiff, and that they fraudulently contracted the said debts, and incurred said obligation." Two weeks after the writ was issued a rule to dissolve was allowed, and about a year afterward the rule was discharged. In the meantime judgment had been entered against the defendant served for want of an affidavit of defense, and his property had been sold under a fi. fa. *Held*, that the rule to dissolve the attachment was properly discharged.

Argued March 24, 1898. Appeal, No. 469, Jan. T., 1897, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1896, No. 1150, discharging rule to dissolve attachment. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Rule to dissolve attachment under act of 1869. Before BRÉGY, J.

On August 28, 1896, an attachment under the act of 1869 was issued upon the following affidavit:

" Peter J. Brady, being duly sworn, deposes that he is assistant manager of the H. B. Claflin Company, a corporation ; that he makes this affidavit for said company ; that Samuel White and O. Fred Spate, partners, trading as White & Spate, are indebted to the said H. B. Claflin Company, in a sum exceeding one hundred dollars, to wit: in the sum of $4,391.58, for goods and merchandise sold and delivered, to wit: carpets by said company, to said White & Spate, from December 1, 1895, to June 1, 1896. That the said Samuel White and O. Fred Spate, have assigned and are about to assign, dispose of, and remove their property, money and evidences of debt with intent to defraud their creditors and the said company, and that they fraudulently contracted said debt and incurred said obligation."

Service was had on Samuel White, and nihil habet as to O. Fred Spate.

On September 8, 1896, the court granted a rule to show cause why the attachment should not be dissolved. On October 15, 1896, judgment was entered against Samuel White for want of an affidavit of defense, and subsequently a fi. fa. issued upon which defendants' property was sold. On October 23, 1897, the rule to dissolve the attachment was discharged.

*Error assigned* was order discharging the rule.

*Charles J. Sharkey*, for appellants.—The affidavit was insufficient: Sharpless v. Ziegler, 92 Pa. 467; Biddle v. Black, 99 Pa. 380; Matthews v. Dalsheimer, 10 W. N. C. 371; Ferris v. Carlton, 8 Phila. 549; Adams v. Bailey, 17 W. N. C. 399; Netter v. Harding, 18 Pa. C. C. 353.

*Matthew Dittmann* and *Thomas R. Elcock*, for appellees, were not heard, but in their printed brief said: The motion to dissolve was too late: Schober v. Mather, 49 Pa. 21; Loewenstein v. Sheetz, 7 Phila. 361; Poor v. Colburn, 57 Pa. 415.

An affidavit for an attachment, under the Act of March 17, 1869, P. L. 8, is sufficient if made in the words of the act without setting out specific acts of fraud: Sharpless v. Ziegler, 92 Pa. 467; Boyd v. Lippincott, 2 Pa. C. C. 585; Hall v. Kintz, 13 Pa. C. C. 24; Werner v. Gross, 174 Pa. 622; Hall v. Kintz, 12 Pa. C. C. 90.

No appeal lies from a decree discharging defendant's rule to show cause why a writ of attachment issued under the Act of March 17, 1869, P. L. 8, should not be quashed and attachment dissolved: Lafferty v. Corcoran, 175 Pa. 5; Black v. Oblender, 135 Pa. 526; Wetherald v. Shupe, 109 Pa. 389; Walls v. Boteler, 23 W. N. C. 508; Hall v. Oyster, 168 Pa. 399.

PER CURIAM, April 4, 1898:

We are all of opinion that the court below was right in discharging the rule to dissolve the attachment in this case. There is nothing in either of the specifications of error that requires discussion.

Judgment affirmed.